UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD B. GONON,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 1:12-cv-00702-JMS-DML |
| | ) | |
| ALLIED INTERSTATE, LLC,<br>    *Defendant.* | )<br>) | |

## ORDER

Presently before the Court in this action brought under the Fair Debt Collection Practices Act ("FDCPA") is Defendant Allied Interstate, LLC's ("Allied") Motion to Dismiss for Lack of Subject Matter Jurisdiction, [dkt. 11]. For the following reasons, the Court grants Allied's motion.

## I.
### BACKGROUND

**A. Mr. Gonon's Complaint**

On May 22, 2012, Mr. Gonon filed a putative class action Complaint against Allied for violations of the FDCPA. [Dkt. 1.] Specifically, Mr. Gonon alleges that Allied is a debt collector as defined by the FDCPA, [*id.* at 1, ¶ 5], and that it sent him a March 6, 2012 letter regarding collection of an alleged debt he owed to GE Capital Retail Bank ("GE") relating to account number 2040, [*id.* at 2, ¶ 6]. Mr. Gonon alleges that the March 6, 2012 letter stated that he had the option of making payment either to Allied or GE, urged him to make a payment promptly, advised him that failing to do so would cause Allied to take further action to ensure payment, and included a payment coupon instructing him to mail payment to GE rather than to Allied. [*Id.*; *see also* dkt. 1-1.]

Mr. Gonon alleges that GE then sent a letter to him on March 13, 2012, which advised him that account number 2040 was delinquent. [*Id.* at 2, ¶ 7.] He asserts that throughout the thirty-day period given to him to dispute the validity of the alleged debt related to account number 2040, "GE has consistently telephoned [him] at his home phone number as well as his cell phone number," [*id.* at 2, ¶ 8].

Mr. Gonon asserts claims for violations of Sections 1692e, 1692g, and 1692j of the FDCPA. [*Id.* at 2-4, ¶¶ 9-11.] He brings his claims on behalf of the following putative classes:

> Class A consists of: (i) all persons from whom [Allied] attempted to collect an alleged debt owed to GE using the same form letter as Exhibit A, (ii) where such debt collection activity occurred on or after a date one year prior to the filing of this lawsuit.
>
> Class B consists of all persons from whom [Allied] attempted to collect an alleged debt owed to GE using the same form letter as Exhibit A, and also received a form letter or letters from GE, as evidenced in Exhibit B, and or communications from GE, such as telephone calls during and subsequent to the thirty day validation of debt time frame period, (ii) (sic) where such debt collection activity occurred on or after a date one year prior to the filing of this lawsuit.

[*Id.* at 4, ¶¶ 13-14.]

Mr. Gonon states that "[t]he only individual question would appear to be the identification of the class members." [*Id.* at 5, ¶ 17.] He seeks damages under 15 U.S.C. § 1692k, and attorneys' fees and costs. [*Id.* at 5.]

### B. The Offer of Judgment

On June 11, 2012,[1] Allied served an Offer of Judgment on Mr. Gonon pursuant to Federal

---

[1] The Certificate of Service on the Offer of Judgment indicates that it was actually served on Mr. Gonon on June 8, 2012. [Dkt. 12-1 at 2.] For purposes of this Motion, however, the Court will use the later June 11, 2012 service date Allied provided in its briefs. [Dkts. 12 at 2, 4; 18 at 4.] As discussed below, this date discrepancy ends up being irrelevant since Mr. Gonon did not file his Motion for Class Certification within fourteen days of this later date anyway.

Rule of Civil Procedure 68, offering Mr. Gonon $1,500 in damages, and reasonable attorneys' fees accrued to date to be determined by the Court. [Dkt. 12 at 2; *see also* dkt. 12-1.] Mr. Gonon rejected the Offer of Judgment on June 18, 2012. [Dkt. 12 at 4-5.] On June 28, 2012, Mr. Gonon filed a Motion for Class Certification, [dkt. 9].

## II.
### STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is to test the sufficiency of the complaint, not to decide the merits of the case. Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject-matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal courts. *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). Whether or not a plaintiff has standing to bring a lawsuit is a jurisdictional requirement which may be challenged through a motion made pursuant to Rule 12(b)(1). *Hoffman v. Gard*, 2010 U.S. Dist. LEXIS 112245, *2 (S.D. Ind. 2010).

In ruling on a motion to dismiss, the Court must accept as true the factual allegations of the complaint, viewing them in the light most favorable to the plaintiff, and making all reasonable inferences in their favor. *Sanner v. Board of Trade*, 62 F.3d 918, 925 (7th Cir. 1995). However, when faced with a challenge to its subject-matter jurisdiction, the Court may look beyond the complaint and review any other evidence to resolve the jurisdictional issue. *Halker v. United States*, 2010 U.S. Dist. LEXIS 72339, *6 (S.D. Ind. 2010). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## III.
### DISCUSSION

### A. Mr. Gonon's Motion to Strike the Offer of Judgment

Mr. Gonon has moved to strike the Offer of Judgment, [dkt. 16], which is Exhibit A to Allied's Motion to Dismiss, [dkt. 11-1]. Mr. Gonon relies upon Rule 68(b), which states that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs," and argues that relying upon the Offer of Judgment outside of that context – as Allied does here – violates Rule 68. The Seventh Circuit Court of Appeals has found that a Rule 68 offer of judgment is admissible for a purpose other than proving liability under Federal Rule of Evidence 408, which states that "conduct or a statement made during compromise negotiations" is admissible unless offered "to prove or disprove the validity or amount of a disputed claim." *Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. Appx. 741, 744 (7th Cir. 2007). It has noted that a court may consider an offer of judgment "for the limited purpose of determining jurisdiction." *Id.* Therefore, the Court determines that the Offer of Judgment is admissible for this limited basis.

In any event, even assuming that the Offer of Judgment itself is not admissible in this context, the Court can properly accept Allied's counsel's representations regarding the Offer of Judgment and consider those representations when ruling upon the Motion to Dismiss. *See Halker*, 2010 U.S. Dist. LEXIS 72339 at *6. And, significantly, Mr. Gonon does not dispute Allied's characterization of the Offer of Judgment. *See White v. Ally Fin. Inc.*, 2012 U.S. Dist. LEXIS 101948, *7 (S.D. W.Va. 2012) (court can "'look beyond the complaint and has wide discretion' to consider outside documents and even outside testimony" and "[b]ecause there is no disagreement between the parties as to the contents of [the offer of judgment], [the court] will

consider the terms of the offer as described in [defendant's brief] in resolving the jurisdictional issue"). Accordingly, the Court denies Mr. Gonon's Motion to Strike, [dkt. 16].

### B. The Sufficiency of the Offer of Judgment

Mr. Gonon argues that Allied's Offer of Judgment was not sufficient because it "did not make any offer for 'actual damages' pursuant to 15 U.S.C. 169[2]k(a)(1) [and] did not provide any relief to the putative class." [Dkt. 17 at 2.] Allied asserts that Mr. Gonon "could not be claiming actual damages were 'inflicted' by receiving the letter [at issue]; ascertaining actual damages would require an individual inquiry, which is contrary to pursuing a class action." [Dkt. 18 at 3.] It also notes that Mr. Gonon stated in his Complaint that "the only individual question would appear to be the identification of the class members," so he must not be seeking actual damages. [*Id.*]

#### 1. Actual Damages

Mr. Gonon does not mention actual damages in his Complaint. While he does seek "[d]amages as provided by 15 U.S.C. 1692k," [dkt. 1 at 5], he does not provide any allegations regarding any damage he may have suffered from receiving the letter at issue in the lawsuit, [*id.* at 1-5]. Additionally, his assertion in support of his class allegations that "[t]he only individual question would appear to be the identification of the class members," [*id.* at 5, ¶ 17], cuts against any argument that he is seeking actual damages.

Further, in response to Allied's Motion to Dismiss, Mr. Gonon does not provide any proof of actual damages or even any specific allegations of those damages. He simply states, without elaboration, that the Offer of Judgment did not include an amount for actual damages. [Dkt. 17 at 2.] If he had any proof of actual damages – or even any bases for *alleging* that he is entitled to actual damages – the Court assumes he would have argued so. *See, e.g., Greenlaw v.*

*United States*, 554 U.S. 237, 243-44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present….Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief").  Based on Mr. Gonon's failure to mention actual damages specifically in his Complaint,[2] and his complete lack of proof (or allegations relating to any proof) regarding actual damages, the Court finds that the Offer of Judgment did not need to include an amount for actual damages.[3]

### 2. Recovery for Putative Class Members

Mr. Gonon's argument that the Offer of Judgment is somehow insufficient because it "did not provide any relief to the putative class and therefore did not offer full relief to Plaintiff," [dkt. 17 at 2], is without merit.  Mr. Gonon does not cite any authority for his proposition but, to the extent that this argument overlaps with his argument that an offer of judgment made before a motion for class certification can never moot a FDCPA class action, [*id.*], the Court will address it below.

---

[2] The Court may take judicial notice of its own records, *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006), and notes that Mr. Gonon filed a second lawsuit against Allied which relates to subsequent correspondence Allied allegedly sent Mr. Gonon regarding the same account at issue here, [*see Gonon v. Allied Interstate, LLC*, No. 1:12-cv-00839-RLY-MJD].  There, unlike in this case, Mr. Gonon specifically sought "statutory damages, actual damages, attorney fees, costs, and…all other just and proper relief."  [Dkt. 1 in *Gonon v. Allied Interstate, LLC*, No. 1:12-cv-00839-RLY-MJD at 3-4, ¶¶ 13, 16, 19, 22.]  That lawsuit was resolved when Mr. Gonon voluntarily dismissed Allied with prejudice because "all matters [were] settled."  [Dkt. 8 in *Gonon v. Allied Interstate, LLC*, No. 1:12-cv-00839-RLY-MJD.]

[3] The Court notes that the Offer of Judgment arguably *did* include an amount for actual damages.  Mr. Gonon's maximum statutory recover under the FDCPA was $1,000, plus reasonable attorneys' fees and costs.  15 U.S.C. §§ 1692(a)(2)(A) and (a)(3).  By offering $1,500, plus fees and costs, the Offer of Judgment arguably included $500 for actual damages.  [Dkt. 12 at 4 ("On June 11, 2012, Allied served [Mr. Gonon] with an Offer of Judgment offering [Mr. Gonon] $1,500 in statutory *and actual* damages, and reasonable attorney's fees accrued to date to be determined by the Court") (emphasis added).]  Mr. Gonon does not address this extra $500, why it could not be for actual damages and, if it was, why it might be insufficient.

### C. Whether the Offer of Judgment Moots Mr. Gonon's Claims

Having found that Allied's Offer of Judgment was sufficient to compensate Mr. Gonon for all damages he seeks in this matter, the Court turns to the crux of this case: whether the Offer of Judgment mooted Mr. Gonon's claims. Allied relies heavily upon the Seventh Circuit Court of Appeal's recent decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), for its argument that this Court lost subject-matter jurisdiction over Mr. Gonon's action when Allied made the Offer of Judgment to Mr. Gonon before he had filed a motion for class certification, [dkt. 12 at 3-5]. For his part, Mr. Gonon argues that an offer of judgment does not moot a FDCPA class action claim even without a pending motion for class certification, and that *Damasco* is inapposite because: (1) it involved the Telephone Consumer Protection Act, which does not have specific provisions related to class actions as the FDCPA does, [dkt. 17 at 2]; (2) it involved a full settlement offer, not an Offer of Judgment under Rule 68, [*id.* at 3]; and (3) unlike the offer of settlement in *Damasco*, which was made before a motion for class certification was filed, the motion for class certification here "relates back to the filing of the Complaint," and so is deemed filed before Allied served the Offer of Judgment, [*id.*]. The Court will address each argument in turn.

#### 1. *Damasco v. Clearwire Corporation*

In *Damasco*, plaintiff brought a putative class action against Clearwire for alleged violations of the Telephone Consumer Protection Act related to unsolicited text messages Clearwire sent to cellphone users. *Id.* at 893. Before Mr. Damasco moved for class certification, Clearwire offered him the full relief he requested via a settlement offer; Mr. Damasco never responded. *Id.* Clearwire argued that the full settlement offer mooted Mr. Damasco's claims and the Seventh Circuit Court of Appeals agreed, finding that the full settlement offer meant that Mr. Damasco

no longer had a "stake" in the litigation. *Id.* at 896. It noted that "[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Id.* The Court finds *Damasco* to be directly relevant here, and addresses Mr. Gonon's attempts to distinguish it below.

### 2. The FDCPA's Class Action Provisions

Mr. Gonon's argument that the Offer of Judgment did not moot his claims because the FDCPA, unlike the Telephone Consumer Protection Act at issue in *Damasco*, has "specific provisions and remedies related to a class action," [dkt. 17 at 2], is unavailing. Mr. Gonon relies upon *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), but the Seventh Circuit recognized that four circuits – including the Third Circuit – disagree with the approach taken in *Damasco*, specifically noting the Third Circuit's decision in *Weiss* as an example. *Damasco*, 662 F.3d at 895-96. Accordingly, *Weiss* is not relevant precedent in this Circuit.

Additionally, before *Damasco*, at least one district court sitting in the Seventh Circuit held that FDCPA claims are moot where the defendant has made a full offer of judgment under Rule 68 and the plaintiff has not moved for class certification and does not do so during the offer's ten-day pendency. *Letellier v. First Credit Servs.*, 2001 U.S. Dist. LEXIS 10288, * 9-10 (N.D. Ill. 2001). *See also Giblin v. Revenue Prod. Mgmt.*, 2008 U.S. Dist. LEXIS 22854, * 7-10 (N.D. Ill. 2008) (offer of judgment would have mooted FDCPA claims if plaintiff had not moved for class certification within ten days of offer); *Wilson v. Collecto, Inc.*, 2003 U.S. Dist. LEXIS 17795, *8 (N.D. Ill. 2003) (same principle).

There is no authority suggesting that the Seventh Circuit Court of Appeals would treat an offer of judgment relating to FDCPA claims, made before plaintiff files a motion for class certi-

fication, any differently than claims made under statutes that do not specifically provide for class actions, and the Court declines to do so here.

### 3. Offer of Judgment Versus Settlement Offer

Mr. Gonon argues that, because *Damasco* involved a settlement offer and this case involves an Offer of Judgment, *Damasco* does not apply. [Dkt. 17 at 3.] However, the *Damasco* Court addressed the potential distinction between a settlement offer and an offer of judgment, and concluded that there was no difference. *Damasco*, 662 F.3d at 896 ("Although these decisions address offers that, unlike Clearwire's, were made under Rule 68, their same analysis seems to apply to any offer of complete relief").

The *Damasco* Court also noted that, while some district courts in the Seventh Circuit have "allowed plaintiffs to avoid mootness by seeking class certification within [Rule 68's] timeframe for accepting or rejecting an offer," the issue was irrelevant there because the offer was made while the suit was pending in state court. *Id.* at 897. At best, this statement recognizes that a plaintiff may avoid mooting its claims if it moves for class certification within the fourteen-day (formerly ten-day) period provided in Rule 68 for responding to offers of judgment. *See* Fed. R. Civ. P. 68(a) ("If, within 14 days after being served [with an offer of judgment], the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service"); *Giblin*, 2008 U.S. Dist. LEXIS 22854 at *9-10 ("allowing a plaintiff to move for class certification within ten days after receipt of an offer of judgment comports with both the letter and the spirit of Rule 68…. Because plaintiffs moved for class certification within five days of receiving [defendant's] offer of judgment, the Court holds that their motion invalidates the offer and keeps this class action alive").

Here, Mr. Gonon does not dispute that Allied served its Offer of Judgment on June 11, 2012. Mr. Gonon did not file his Motion for Class Certification, [dkt. 9], until June 28, 2012 – after the fourteen-day period in which to respond to the June 11, 2012 Offer of Judgment. Accordingly, while *Damasco* may indicate that Mr. Gonon could have avoided mooting his claims by moving for class certification within fourteen days of the Offer of Judgment, that did not occur here so it is irrelevant.

### 4. *Timing of the Motion for Class Certification*

In a final attempt to escape the effect of Allied's Offer of Judgment and his failure to timely file his Motion for Class Certification, Mr. Gonon argues that the filing of the Motion for Class Certification "relates back" to the filing of the Complaint. [Dkt. 17 at 3-4.] Mr. Gonon again relies on *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), a case specifically rejected by the Seventh Circuit in *Damasco*. *See Damasco*, 662 F.3d at 895-96 (noting that "[f]our circuits [including the Third Circuit in *Weiss*] disagree" with the approach of finding a plaintiff's claims moot when he or she is presented with an offer of full relief before moving for class certification, but that "we have not been moved to reverse course").

Allowing Mr. Gonon's Motion for Class Certification to "relate back" to the filing of his Complaint would be contrary to *Damasco* and other cases holding that an offer of full relief moots a plaintiff's claims when a motion for class certification has yet to be made. *See, e.g., Wiskur v. Short Term Loans, LLC*, 94 F.Supp.2d 937, 939 (N.D. Ill. 2000) ("because defendants' Rule 68 offer…came before a motion for class certification was sought, and was for an amount greater than [plaintiff] could have received had she gone to judgment, [her] claim was moot once the offer was made. She could not persist in suing after having won"). There is simply no au-

thority to support Mr. Gonon's assertion that the Motion for Class Certification should be deemed filed on a date earlier than June 28, 2012.

Accordingly, because the Motion for Class Certification was filed after the fourteen-day period for responding to the Offer of Judgment, it does not save Mr. Gonon's claims. For these reasons, the Court finds that it does not have subject-matter jurisdiction over this matter because Mr. Gonon's claims are moot.

### IV.
#### CONCLUSION

For the foregoing reasons, Allied's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [dkt. 11], is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.[4] Further, Mr. Gonon's Motion to Strike Exhibit "A" to Defendant's Motion to Dismiss, [dkt. 16], is **DENIED**, and his Motion for Class Certification, [dkt. 9], is **DENIED AS MOOT**.

10/10/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Nicholas David O'Conner
HINSHAW & CULBERTSON, LLP
noconner@hinshawlaw.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Tess A. White
WHITE AND CHAMPGNE
tess@whiteandchampagne.com

---

[4] "[W]hen a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice." *T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (citations omitted).